**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victoria Lynne Girard, | No. CV-24-03503-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| County of Maricopa, et al., | |
| Defendant. | |

    Plaintiff, who is proceeding *pro se*, has filed a motion for default judgment. (Doc. 15.) However, Plaintiff has not applied for entry of default and the Clerk has not entered default against Defendant, which is a necessary precursor to filing a motion for default judgment. *Phillips v. Comm'n on Character & Fitness*, 2020 WL 4003368, *1 (D. Mont. 2020) ("Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. The rule outlines a two-step process for obtaining a default judgment, consisting of: (1) the clerk's entry of default under Rule 55(a), and (2) a motion for default judgment under Rule 55(b). Under this two-step process, an entry of default by the clerk under Rule 55(a) is a necessary prerequisite to an entry of default judgment under Rule 55(b). Rule 55(a) states that '[w]hen a party against whom a judgment for affirmative relief is sought has failed to plea or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.' Here, the docket reflects that the clerk has not entered a Rule 55(a) default against either Defendant. Because [Plaintiff] has not obtained an entry of default, his motion for a Rule 55(b) default judgment is premature and should

be denied.") (cleaned up).

Additionally, an even more fundamental reason why Plaintiff's motion must be denied is that the proof of service Plaintiff filed (Doc. 14) suggests that service of process has not yet been properly effected. Under Rule 4(j)(2) of the Federal Rules of Civil Procedure, a "state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." *Id.* Maricopa County is a "state-created governmental organization." *See, e.g.*, *Tillmon v. Maricopa Cnty.*, 2007 WL 2683809, *8 (D. Ariz. 2007) (applying Rule 4(j)(2) to Maricopa County); *Kendrick v. Arpaio*, 2011 WL 1526961, *6 (D. Ariz. 2011) (same); *Stackhouse v. Maricopa Cnty.*, 2006 WL 2037939, *4 (D. Ariz. 2006) (same). Accordingly, service on Maricopa County can only be effected by one of these two means.

Rule 4.1(h)(2) of the Arizona Rules of Civil Procedure specifies that a county "may be served," if it has the legal capacity to be sued and has not waived service, by delivering a copy of the summons and the pleading being served to "the Board of Supervisors clerk for that county." *Id.* According to the Maricopa County website, the Clerk of the Maricopa County Board of Supervisors is Juanita Garza, whose physical address is 301 W. Jefferson, 10th Floor, Phoenix, AZ 85003. (*See* https://www.maricopa.gov/Directory.aspx?did=15.) Thus, Maricopa County can be served in the manner prescribed by Arizona law, as permitted by Federal Rule of Civil Procedure 4(j)(2)(B), by serving Juanita Garza on the 10th floor of the Maricopa County Administration Building. This is also the way to serve Maricopa County under Federal Rule of Civil Procedure 4(j)(2)(A), as the board of supervisors serves as the "chief executive officer" of each county under Arizona law. *Falcon ex rel. Sandoval v. Maricopa Cnty.*, 144 P.3d 1254, 1256 (Ariz. 2006) ("With respect to municipal corporations such as cities and towns, the mayor is statutorily denominated the chief executive officer. But with other governmental subdivisions, such as counties and school boards, the statutes do not specifically identify the chief executive

officer. . . . A chief executive officer . . . is the individual or entity that controls, supervises, and has the ultimate responsibility for ensuring the proper function of a governmental entity. Based upon the statutory powers and duties of a board of supervisors, we conclude that a county's board of supervisors is its chief executive officer.") (cleaned up).

The proof of service that Plaintiff filed indicates that process was served on "Clerk of the Court" at 620 W. Jackson Street, Suite 3052, Phoenix, AZ 85003. (Doc. 14.) The building at 620 W. Jackson Street is the Downtown Justice Center of the Maricopa County Superior Court. The "Clerk of the Court" at the Maricopa County Superior Court is not the same person as "the Clerk of the Board of Supervisors." Thus, Plaintiff's attempt to serve Maricopa County was ineffective.

"It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant." *Taylor v. U.S. Office of Personnel Mgmt.*, 2014 WL 5390228, *3 (D. Haw. 2014). "Rule 55(b)(1) only applies to defendants that have defaulted for failure to appear under Rule 55(a) and a person can only fail to appear if he or she had proper service of the lawsuit. . . . In other words, [Plaintiff] cannot seek Rule 55(b) default judgment because she has not sought a Rule 55(a) clerk's entry of default and she cannot seek a Rule 55(a) clerk's entry of default because she has not correctly served the defendant[] against whom she seeks default judgment." *Paddock v. Ballou*, 2018 WL 1902678, *1 (D. Idaho 2018). Thus, even if the Court were to liberally construe the motion for default judgment as an application for entry of default, the application would fail because "although Rule 55(a) uses mandatory language, the clerk is not required to enter default unless the party against whom default is sought has been properly served." *Phillips*, 2020 WL 4003368 at *1.

Under Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Here,

- 3 -

1  the complaint was filed on December 12, 2024, such that the deadline to serve was March
2  12, 2025.  Under the circumstances, the Court will *sua sponte* extend the service deadline
3  to May 22, 2025 to allow Plaintiff sufficient time to properly serve Defendant.
4      Accordingly,
5      **IT IS ORDERED** that Plaintiff's motion for default judgment (Doc. 15) is **denied**.
6      **IT IS FURTHER ORDERED** that the deadline for Plaintiff to serve Defendant
7  with process under Rule 4 is extended to **May 22, 2025**.
8      **IT IS FURTHER ORDERED** that if Plaintiff fails to serve Defendant with process
9  by **May 22, 2025**, the Clerk of Court shall terminate this action without further notice.
10     Dated this 22nd day of April, 2025.

_____
Dominic W. Lanza
United States District Judge