**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victoria Lynne Girard, | No. CV-24-03503-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| County of Maricopa, et al., | |
| Defendant. | |

In December 2024, *pro se* Plaintiff initiated this action by filing the complaint and paying the filing fee. (Docs. 1, 6.) The Court later issued its preliminary order, which among other things "specifically advised" the parties "that failure to prosecute, to comply with court orders, or to comply with the Local and Federal Rules may result in dismissal of all or part of this case, default, imposition of sanctions, or summary disposition of matters pending before the Court." (Doc. 16 at 6.)

On August 26, 2025, the Court held the Rule 16 scheduling conference. (Doc. 27.) That same day, the Court issued two orders: (1) the scheduling order; and (2) an order referring this matter to Magistrate Judge Macdonald for the purpose of conducting a settlement conference. The former provided, among other things, that "[t]he deadline for making the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) is 14 days from the date of this Order." (Doc. 28 at 1.) The latter "directed" the parties "to contact Judge Macdonald's chambers within 14 days of the date of this Order to schedule a hearing date and time." (Doc. 29 at 1.)

Defendant complied with both orders—it timely served its initial disclosures on Plaintiff (Doc. 30) and timely contact Judge Macdonald's chambers (Doc. 31-1 at 8). However, Plaintiff did not serve her initial disclosures on Defendant or contact Judge Macdonald's chambers by the relevant deadlines. Accordingly, on September 22, 2025, Defendant's counsel sent an email to Plaintiff inquiring about both matters. (Doc. 31-1 at 3.) On September 29, 2025, after Plaintiff failed to respond, Defendant's counsel sent her a follow-up email. (*Id.* at 5.)

On October 3, 2025, after Plaintiff did not respond to the follow-up email, Defendant filed a motion "for an Order compelling Plaintiff to submit her Initial Disclosure Statement, or in the alternative, to dismiss this action." (Doc. 31.) Under LRCiv 7.2(c), Plaintiff's response was due by October 17, 2025, but that deadline has now expired and Plaintiff still has not filed a response.

As this backdrop shows, Plaintiff has now violated two court orders and failed to prosecute this case. Such conduct, alone, may justify dismissal. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (discussing the district court's authority to dismiss *sua sponte* under Rule 41(b) for lack of prosecution); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-1261 (9th Cir. 1992) (discussing the district court's authority to dismiss for failure to comply with court orders). Additionally, because Plaintiff failed to respond to Defendant's motion to dismiss, the Court could summarily grant that motion. *See* LRCiv 7.2(i) ("[I]f the unrepresented party . . . does not serve and file the required answering memoranda, . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily.").

Before dismissing on any of these bases, "the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). *See also Wystrach v. Ciachurski*, 267 F. App'x 606, 607-08 (9th Cir. 2008) ("The court also did not abuse its

discretion in applying its local rule summarily to grant defendants' motion to dismiss because plaintiffs failed timely to respond. Local Rule 7.2(i) of the Rules of Practice of the United States District Court for the District of Arizona authorizes a court to dispose summarily of a motion, if the non-moving party fails to serve and file the required answering memorandum."). The Court has considered the relevant factors and concludes they support dismissal without prejudice under these circumstances, where Plaintiff's non-compliance has thwarted the public's interest in expedited resolution of litigation and interfered with the Court's ability to manage its docket and where Defendant faces a risk of prejudice from further delay. These considerations outweigh the public policy favoring disposition of cases on their merits, and a without-prejudice dismissal is the only feasible alternative to a with-prejudice dismissal.

Accordingly,

**IT IS ORDERED** that:

1. Defendant's motion (Doc. 31) is **summarily granted**.

2. This action is dismissed without prejudice. The Clerk shall enter judgment accordingly and close this case.

Dated this 30th day of October, 2025.

Dominic W. Lanza
United States District Judge